# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-3626

_____

Marc A. Manzo

*Plaintiff - Appellant*

v.

Unknown Control Room Officer; Unknown Wellness Check Officers, in their
individual capacity; Unknown Duty Officer; St. Charles County

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 1, 2025
Filed: October 6, 2025
[Unpublished]

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Federal inmate Marc Manzo appeals following the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action arising from an assault by his cellmate in the St. Charles County Department of Corrections. Upon de novo review, we agree that there was no genuine issue of material fact as to the county's liability, as Manzo did not establish that the county's inmate-housing policy was unconstitutional, or that any corrections officers followed an unconstitutional custom of violating that policy by not placing him in Administrative Segregation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978) (municipality can be liable when its policy, custom, or practice caused deprivation of plaintiff's constitutional rights); Johnson v. Schurman, 145 F.4th 897, 903 (8th Cir. 2025) (standard of review); Bolderson v. City of Wentzville, 840 F.3d 982, 986 (8th Cir. 2016) (custom must be shown by continuing, widespread, and persistent pattern of unconstitutional misconduct, and cannot arise from single act). We decline to consider Manzo's arguments regarding the county's alleged failure to train or supervise its corrections officers, as he did not pursue them below. See Dick v. Dickinson State Univ., 826 F.3d 1054, 1058 (8th Cir. 2016).

We also find that the court did not abuse its discretion in denying Manzo's untimely motion for leave to file a second amended complaint, as the policy at issue and the names of the corrections officers he later deposed were disclosed to him long before the deadline to amend. See Leftwich ex rel. Leftwich v. Cnty. of Dakota, 9 F.4th 966, 976 (8th Cir. 2021) (no abuse of discretion in denying untimely motion to amend where allegedly new information supporting late motion was obtained by belatedly deposing witnesses whose identities were previously disclosed).

---

[1]The Honorable Joseph S. Dueker, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____